UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHOENIX PACKAGING OPERATIONS, LLC, <br><br>           Plaintiff, <br><br>          -v.- <br><br> DAHLICIOUS HOLDINGS, LLC, <br><br>           Defendant. | 23 Civ. 7079 (JHR) <br><br> ORDER |

JENNIFER H. REARDEN, District Judge:

  On August 10, 2023, Plaintiff Phoenix Packaging Operations, LLC commenced this breach of contract action against Defendant Dahlicious Holdings, LLC, invoking the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  *See* ECF No. 1 (Complaint).

  Diversity jurisdiction lies where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a).  A party's citizenship "must be affirmatively pled."  *Prospect Funding Holdings, LLC v. Fennell*, No. 15 Civ. 4176 (LLS), 2015 WL 4477120, at *1 (S.D.N.Y. July 15, 2015).

  A limited liability company ("LLC") "takes the citizenship of all of its members."  *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019).  "A complaint premised on diversity of citizenship must allege the citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities that are members of the limited liability company."  *GCSD NY Solar, LLC v. SED NY Holdings LLC*, No. 21 Civ. 6359 (PKC), 2021 WL 3271831, at *1 (S.D.N.Y. July 29, 2021).

  Diversity of citizenship "'should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record.'"  *Leveraged Leasing Admin.*

*Corp. v. PacifiCorp Cap., Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (quoting *Wolfe v. Hartford Life Ins. Co.*, 148 U.S. 389, 389 (1893)).  Moreover, in a "complaint premised on diversity of citizenship . . . allegations upon information and belief . . . must be accompanied by a statement of the facts upon which the belief is founded." *SPT Chatsworth Holdings v. Chatsworth Realty Corp.*, 20 Civ. 8502 (PKC) at *2 (S.D.N.Y. Oct. 19, 2020) (ordering plaintiff to amend complaint to allege the citizenship of defendant LLCs); *see also Axalta Coating Sys., LLC v. Atl. Auto Body of Freeport LLC*, No. 18 Civ. 3521 (DRH), 2019 WL 1491959, at *1 (E.D.N.Y. Apr. 4, 2019) ("The extent of the allegations in the Complaint regarding [defendant LLCs] citizenship are [] '[u]pon information and belief' . . . . The Amended Complaint does not state the basis for Plaintiff's or [sic] belief." (internal citations omitted)).  "When a complaint fails to properly allege jurisdiction, Courts . . . [may] 'allow a complaint to be amended to assert' those 'facts necessary to the establishment of diversity jurisdiction.'" *FXR Constr., Inc. v. Fed. Ins. Co.*, No. 20 Civ. 11086 (JPC), 2022 WL 428242, at *1 (S.D.N.Y. Feb. 11, 2022) (quoting *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 64 (2d Cir. 2009)).

  The Complaint alleges that "Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business located . . . [in] Dublin, VA."  Complaint ¶ 2.  With respect to Defendant, the Complaint alleges that, "[u]pon information and belief, Defendant is a limited liability company organized and existing under the laws of Massachusetts with a principal place of business . . . [in] Leominster, MA."  *Id.* ¶ 3.  Thus, Plaintiff has failed to plead the identities and citizenship of each (indeed, of *any*) member of the Plaintiff and Defendant LLCs.  The Complaint also fails to provide the factual basis for the allegations "[u]pon information and belief" as to Defendant's citizenship.  *Id.*

  Accordingly, it is hereby ORDERED that, by **Wednesday, February 7, 2024,** Plaintiff shall amend its Complaint to allege the citizenship of each constituent person or entity

comprising the Plaintiff LLC and the Defendant LLC.  Pursuant to the Court's Individual Rules and Practices in Civil Cases, Plaintiff shall include "a redline showing all differences between the operative pleading and the proposed amended pleading." R. 1.D.  If, by **February 7, 2024**, Plaintiff fails to amend its Complaint to allege the requisite diversity of citizenship between the parties, then **the Court will dismiss the case for lack of subject matter jurisdiction without further notice to either party**.

It is further ORDERED that, by **Monday, January 29, 2024**, Plaintiff shall serve a copy of this Order on Defendant via overnight courier.  Within **two business days of service**, Plaintiff shall file proof of such service on the docket.

Finally, although Plaintiff obtained a Clerk's Certificate of Default on September 11, 2023, *see* ECF No. 11, and filed a Proposed Default Judgment on October 13, 2023, *see* ECF No. 16, Plaintiff has not filed a motion for default judgment as required by the Court's Individual Rules and Practices in Civil Cases, *see* R. 5.H ("Any party seeking a default judgment must do so pursuant to the procedure set forth in Attachment A."); Attach. A ¶ 3 ("A party seeking a default judgment . . . shall file a motion for default judgment on ECF.").  In any event, "[i]n this circuit, courts generally disallow a case to proceed to default judgment when the pleadings cannot 'demonstrate complete diversity between the parties.'"  *Hoguet Newman Regal & Kenney, LLP v. Lowe*, No. 21 Civ. 1048 (VSB), 2021 WL 4638539, at *1 (S.D.N.Y. Oct. 6, 2021) (internal citations omitted).

SO ORDERED.

Dated: January 24, 2024
       New York, New York

_____
JENNIFER H. REARDEN
United States District Judge